UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DKG COMMUNICATIONS, LLC,

    Plaintiff,

Case No. 2:23-cv-1195-KCD

v.

RLM UNDERGROUND, LLC,

    Defendant,
_____/

# **ORDER**

In this breach of contract case, Plaintiff DKG Communications, LLC moves the Court to reconsider its order declining to reopen discovery. (Doc. 76.)[1] For the reasons below, the motion is denied.

For starters, Plaintiff argues the wrong procedural vehicle. The motion seeks relief under Fed. R. Civ. P. 60(b)(1). (Doc. 76 at 2.)[2] But Rule 60 applies only to final judgments, orders, and proceedings—none of which have occurred here. *See, e.g.*, *Austin v. Metro Dev. Grp., LLC*, No. 8:20-CV-1472-KKM-TGW, 2021 WL 1164804, at *1 (M.D. Fla. Mar. 25, 2021). Plaintiff seeks to overturn a *non-final* discovery order, which leaves Rule 60 irrelevant. *Rodriguez v. Clear Blue Ins. Co.*, No. 8:22-CV-02455-KKM-AEP, 2024 WL 3520794, at *2 (M.D. Fla. July 24, 2024).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Plaintiff's motion is not paginated, so Court refers to the page numbers generated by its electronic filing system.

At any rate, district courts have inherent authority to reconsider non-final orders. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-81 (11th Cir. 2024). But this discretion should be exercised only in extraordinary circumstances. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

Reconsideration is proper only where: (1) there is an intervening change in controlling law, (2) new evidence has become available, or (3) relief from the order is necessary to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Plaintiff does not claim an intervening change in controlling law or new facts. Instead, Plaintiff argues the Court mistakenly found a lack of diligence,[3] explaining "the Court overlooked critical facts evidencing good cause, active pursuit of discovery, and efforts to resolve deficiencies caused by

---

[3] "When considering whether to extend or revive a court's scheduling order deadline, the Court applies the Rule 16 good cause standard, which requires a showing of diligence." *In re Deepwater Horizon Belo Cases*, No. 3:21-CV-00737-MCR-GRJ, 2022 WL 732246, at *3 (N.D. Fla. Mar. 10, 2022).

Defendant's late disclosures, evasive testimony, and post-deadline conduct." (Doc. 76 at 1.) Plaintiff then details its efforts to demonstrate diligence. (*Id.* at 1-3.) Two problems. First, this factual detail was not provided in Plaintiff's initial motion. "[A] party may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Hays v. Page Perry, LLC*, 92 F. Supp. 3d 1315, 1319 (N.D. Ga. 2015).

Second, even accounting for the newly raised evidence, we arrive at the same place. The attachments that purportedly show Plaintiff's diligence (Docs. 76-1–76-4) do not. The documents display Plaintiff's discovery efforts throughout April 2025, **which is after discovery closed on March 31, 2025**. (Doc. 59.) Plaintiff makes no effort to explain why the discovery deadline could not be met despite its diligence. Instead, Plaintiff appears to have been operating on the assumption that the Court would extend the discovery deadline. That's not diligence. *See Williams v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:09CV225/MCR/MD, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010) ("[T]he moving party cannot establish the diligence necessary to show good cause if . . . [it] failed to seek the needed information before the deadline.").

3

"The Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Prescott v. Alejo*, No. 2:09-CV-791-FTM-36, 2010 WL 2670860, at *1 (M.D. Fla. July 2, 2010). Instead, "reconsideration of a prior order is an extraordinary remedy" to be employed sparingly. *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). Plaintiff's arguments fall well short of this standard; thus, its Motion for Reconsideration (Doc. 76) is **DENIED**.

**ORDERED** in Fort Myers, Florida on June 6, 2025.

*[signature]*
Kyle C. Dudek
United States Magistrate Judge