UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DKG COMMUNICATIONS, LLC,

  Plaintiff,

                Case No. 2:23-cv-01195-KCD

v.

RLM UNDERGROUND, LLC,

  Defendant,
_____/

# ORDER

  Before the Court is Defendant RLM Underground, LLC's motion for partial summary judgment. (Doc. 68.)[1] Plaintiff DKG Communications, LLC has responded in opposition. (Doc. 73.) For the reasons stated below, RLM's motion is **DENIED**.

  RLM subcontracted work on several construction projects to DKG. (Doc. 9 at 6-7, Doc. 73-1 at 9:25.) No specific value was placed on the work DKG would perform. (Doc. 73-1 at 9:24.) Instead, DKG was paid by weekly invoice. (Doc. 9 at 7.) Under the parties' contract, DKG would receive ninety percent of its invoice within thirty days. (*See* Doc. 9 at 7.) The rest was withheld as retainage and released only if the client signed off on DKG's work. (Doc. 73-1 at 11:18-22.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

According to tax documents, DKG was paid just over $5 million under the contract. (Doc. 68-3.) But more is owed, it claims, because RLM has not released all the retainage withheld from the weekly invoices. (Doc. 9 ¶ 8.) DKG now sues to recover that amount, alleging RLM breached the parties' agreement when it withheld the retainage payments. (*Id.* ¶ 15.)

RLM sees things differently. It claims that DKG has been fully paid, meaning there is no retainage to release. (Doc. 68 at 7.) RLM, therefore, fails to see how DKG can satisfy two elements of its breach of contract claim: breach and damages. (*Id.*) On this basis, RLM seeks summary judgment.

"Summary judgment is appropriate only when the Court is satisfied that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Dimieri v. Medici Pharm. Corp..*, No. 2:14-CV-00176-SPC, 2015 WL 2238196, at *3 (M.D. Fla. May 12, 2015). "An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party." *Id.* "Similarly, an issue is material if it may affect the outcome of the suit under governing law." *Id.* "The moving party bears the burden of showing the absence of any genuine issue of material fact." *Id.*

DKG's complaint consists of a single claim for breach of contract. "The elements of a breach of contract claim are (1) the existence of a contract; (2) a breach of the contract; and (3) causation of damages as a result of the breach."

2

*Duran v. Joekel*, No. 2:23-CV-558-JES-NPM, 2024 WL 2384963, at *4 (M.D. Fla. May 23, 2024).[2] As mentioned, RLM attacks DKG's ability to prove two of these elements: breach and damages.

RLM first proffers that DKG has been paid in full, meaning it did not breach the parties' agreement, and there are no recoverable damages. (*See* Doc. 68 at 6-7.) Because it does not bear the burden of proof at trial, RLM had two paths to summary judgment. First, it could produce "affirmative evidence" that it did not breach the parties' agreement because it either paid DKG everything owed or properly withheld the retainage. *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1335-36 (11th Cir. 2024); *see also Stanley v. Honda Mfg. of Alabama, LLC*, No. 4:06-CV-695-RDP, 2007 WL 9711597, at *7 (N.D. Ala. July 18, 2007). Second, RLM could point to a lack of evidence substantiating the breach or DKG's damages. *Id.* It did neither.

Instead, RLM seizes on a line in the complaint where DKG refers to the $5,003,606.78 it has received as "the original *invoice*." (Doc. 9 ¶ 9 (emphasis added).) As RLM sees things, DKG has acknowledged billing RLM for an amount commensurate with what it has been paid. (*See* Doc. 68 ¶¶ 8-9.) But

---

[2] The parties' contract contains a choice-of-law provision that states it "shall be governed by and construed in accordance with the laws of the State of Connecticut, without regard to conflict of law principles." (Doc. 9 at 11.) Yet RLM cites Florida law in its motion (Doc. 68 at 6), and DKG ignores the issue. Thankfully, we arrive in the same place whether we apply Florida or Connecticut law, since the elements of a breach of contract claim are materially the same. *See Duran*, 2024 WL 2384963, at *4; *Bongiorno v. Capone*, 185 Conn. App. 176, 196 (2018).

3

there's a problem with RLM's logic. You see, it asked DKG's president, Ferdinand Ortiz Claudio, about this in his deposition. (*See* Doc. 68-1 at 6:2-25, 7:1-7, *see also* Doc. 68-6 at 2.) Specifically, RLM asked Claudio where he'd gotten the number for "the original invoice referenced in" the complaint. (*See* Doc. 68-1 at 6:2-6, 20-25.) Claudio testified that he'd taken it from RLM's tax documents—specifically its 1099 for DKG—rather than his company's records. (*See* Doc. 68-1 at 7:1-3.) That's significant because the 1099 does not tell us what DKG invoiced RLM; it tells us what RLM paid DKG. So, the reference to an "original invoice" in the Complaint appears to be a misnomer. And at minimum, this evidence creates a dispute of material fact about what DKG invoiced and is owed.

Not to be undone, RLM contends that DKG's "own records" show that "it has been fully paid." (Doc. 68 at 7.) Yet RLM does not identify the documents or testimony that support this allegation. As the party seeking summary judgment, RLM needed to do more than provide conclusory arguments supported by citations to unidentified portions of the record. *See Ctr. Hill Cts. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-CV-80111, 2020 WL 442467, at \*9 (S.D. Fla. Jan. 28, 2020); *Anderson v. Radisson Hotel Corp.*, 834 F. Supp. 1364, 1369 (S.D. Ga. 1993). RLM's attempt to "shift [its] burden to the Court by simply referring to the potential existence of evidence, which is not specified or addressed in [its] brief," is improper. *See Windom v. Orange Cnty.*, No. 6:23-

4

CV-761-JA-UAM, 2025 WL 449363, at *4 n.4 (M.D. Fla. Feb. 10, 2025). Whichever route a defendant takes to summary judgment, it is their "responsibility—not the Court's—to search the record and identify those portions which support the[ir] motion." *Anderson*, 834 F. Supp. at 1369 n.3. Conclusory allegations will not suffice.

RLM did attach seventy-eight pages of documents to its motion. As best the Court can tell, this evidence is meant to illustrate perceived flaws in DKG's method for calculating its damages and show that DKG: (1) received about $5 million for its services, (2) may have violated the parties' agreement by using sub-subcontractors, and (3) may in fact owe RLM money to repair damage it caused while performing its scope of work. (Doc. 68 ¶¶ 8-13.) But RLM has done little more than reference these documents. There is no explanation (let alone analysis) for how they negate DKG's claim. While perhaps relevant to this dispute, the Court cannot say the documents entitle RLM to summary judgment. *See Poer*, 100 F.4th at 1335-36; *Stanley*, 2007 WL 9711597, at *7.

One more thing on this point. RLM's exhibits include bank statements that purportedly show DKG was paid about $5 million. Even accepting these records, they do not establish what DKG invoiced for its work—the relevant question in determining whether retainage is owed. Even more to the point, despite RLM's claims that "no retainage is left owing" (Doc. 68 at 7), its president, Lee Mudd, confidently testified otherwise. (Doc. 73-1 at 9:7-14, 11:5-

5

10, 18-25, 12:1-10). According to him, each of their clients withheld some portion of DKG's retainage. (*Id.*) Fundamental discrepancies such as this preclude summary judgment.

As mentioned, there was another avenue for RLM to secure summary judgment: pointing to a lack of record evidence. While RLM boldly proclaims that "DKG has no evidence to support its [breach of contract] claim" (Doc. 68 at 8), there is no substance behind this argument. *See, e.g.*, *Stanley*, 2007 WL 9711597, at *7. Because RLM needed to do more than assert that DKG cannot support its claim, it has not met its burden to obtain summary judgment on this ground either.

RLM has failed to either negate an essential element of DKG's breach of contract claim or identify a lack of record evidence. Accordingly, its motion for partial summary judgment (Doc. 68) is **DENIED**. Having reached this result, the Court also **DENIES** DKG's request to supplement its response brief (Doc. 79) as moot.

**ORDERED** in Fort Myers, Florida on June 16, 2025.

Kyle C. Dudek
United States Magistrate Judge